UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KARL LEE SPENCE**,<br><br>Plaintiff,<br><br>vs.<br><br>**COMMISSIONER OF SOCIAL SECURITY**,<br><br>Defendant. | 2:18-CV-13625-TGB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

This matter is before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation of January 23, 2020 (ECF No. 16) recommending that Plaintiff's Motion for Summary Judgment (ECF No. 11) be denied, Defendant's Motion for Summary Judgment (ECF No. 14) be granted, and the Commissioner of Social Security's decision be affirmed.

The Court has reviewed Magistrate Judge Patti's Report and Recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the report and

1

recommendation are **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, the decision of the Commissioner denying Plaintiff's applications for disability insurance benefits ("DIB") is **AFFIRMED**.

Plaintiff filed timely objections to Magistrate Judge Patti's January 23, 2020 Report and Recommendation. ECF No. 17. Defendant replied to the objections on February 20, 2020. ECF No. 18. This Court reviews *de novo* parts of a report and recommendation to which a party objects. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). In conducting that *de novo* review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. After careful analysis of the record, including Plaintiff's objections, the Court concludes Plaintiff's objections do not warrant reaching a conclusion contrary to the Administrative Law Judge ("ALJ") or the Magistrate Judge's Report and Recommendation.

## I. Background

Plaintiff Spence filed an application for DIB on June 2, 2016 at the age of 52 alleging a disability onset date of December 15, 2015. ECF No. 9-2, PageID.47. Plaintiff requested a hearing, which was held in February 2018. The ALJ issued a written decision in June 2018 concluding that Plaintiff was not disabled under the traditional five-step

framework. *Id.* at PageID.47-54; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ also concluded that Plaintiff had the residual functioning capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b), except he can occasionally stoop and climb ropes, ladders, or scaffolds; frequently climb ramps and stairs, balance, kneel, crouch, crawl." ECF No. 9-2, PageID.50.

Plaintiff requested review from the Social Security Administration ("SSA") Appeals Council, which declined to review the ALJ's decision. *Id.* at PageID.28.

## II. Standard of Review

In cases where the SSA's Appeals Council denies review, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Limited judicial review of the Commissioner's disability determination by a federal district court is permitted under 42 U.S.C. § 405(g). The scope of that judicial review is circumscribed in that the reviewing district court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass*, 499 F.3d at 509 (quotation marks omitted). This substantial evidence standard is less

3

exacting than the preponderance of the evidence standard. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) ("Substantial evidence is . . . more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Satisfying the substantial evidence standard does not require finding that a decision for the other party would be unreasonable. Instead, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted *even if substantial evidence would support the opposite conclusion.*" *Bass*, 499 F.3d at 509 (emphasis added). The claimant bears the burden of proving that she requires a more restrictive RFC than that assessed by the ALJ. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Sentence Six of the Act permits remand only when a later adjudicator is presented with "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The claimant also bears the burden of proving that remand for consideration of new evidence is warranted. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2002).

### III. Analysis

The Court finds reversal of the ALJ's decision is not warranted in this case because the ALJ's decision was supported by substantial evidence. The Court also finds that remand to the ALJ under Sentence

4

Six is not warranted because Plaintiff has not shown that new evidence is material. Plaintiff raises six objections to the Report and Recommendation.

In reviewing Plaintiff's filings in this Court, the Court notes that many of Plaintiff's objections are merely a restatement of the arguments he presented in his motion for summary judgment, "an approach that is not appropriate or sufficient." *Funderberg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (other citations omitted). Specifically, Objections 1, 2, 3, 4, 7, and 8 do not even reference the Magistrate Judge or his decision at all. *See* Plaintiff's Objections to Report and Recommendation, ECF No. 17. Instead, they argue how the ALJ erred in reaching his RFC determination.

"This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the *magistrate judge's proposed recommendations*, and such objections undermine the purpose of the Federal Magistrate's Act . . . which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted) (second emphasis added). Because these objections merely restate arguments presented in Plaintiff's motion for summary judgment and do not address specific errors in Magistrate Judge Patti's Report and Recommendation, they are not well taken and thus overruled.

5

However, Plaintiff makes two objections that specifically mention the Magistrate Judge's Report and Recommendation. The Court will address these individually.

**<u>Objection No. 5</u>**

Plaintiff's fifth objection is to the Magistrate Judge's conclusion that the ALJ properly considered Plaintiff's application for unemployment benefits when determining Plaintiff's credibility. ECF No. 17, PageID.400-01. Plaintiff contends that the Magistrate Judge failed to cite to controlling precedent and that using the receipt of unemployment benefits to harm Plaintiff's credibility calls for reversal. *Id*. Plaintiff references a 2010 memorandum from Chief ALJ Frank Cristaudo and argues that a person could qualify for Social Security DIB benefits even though he or she remains capable of performing some work for purposes of receiving unemployment benefits. *Id*.

While the Magistrate Judge did not cite binding case law from the Sixth Circuit, he cited cases from the Eastern and Western Districts of Michigan that squarely addressed this question (and Plaintiff's counsel reliance on the Cristaudo memo). *See e.g.*, *Reilly v. Comm'r of Soc. Sec.*, No. 13-1096, 2015 WL 1459509 at *1 (W.D. Mich. Mar. 30, 2015) (where plaintiff cited to "Chief ALJ Frank Cristaudo's August 9, 2010, memorandum"). And even the memorandum, excerpted by Plaintiff in his motion for summary judgment, states that the receipt of unemployment benefits "is only one of many factors that must be considered in

6

determining whether the plaintiff is disabled." ECF No. 11, PageID.318. This actually describes how the Magistrate Judge considered the issue.

Moreover, in 2004 the Sixth Circuit stated in an unpublished opinion that "[a]pplications for unemployment and disability are inherently inconsistent" and may be considered by ALJs making credibility assessments. *Workman v. Comm'r of Soc. Sec.*, 105 Fed.Appx. 794, 801 (6th Cir. 2004) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)); *see also Bastian v. Comm'r of Soc. Sec.*, No. 13-666, 2014 WL 5073606, at *9 (W.D. Mich. Oct. 3, 2014) ("It was appropriate for the ALJ to draw an adverse inference regarding plaintiff's credibility from his application for unemployment benefits during the period he claims to have been disabled.").

As the Magistrate Judge explained, the ALJ's mention of unemployment benefits in his opinion was to provide context and a timeframe for Dr. Allen's assessment of Plaintiff. ECF No. 16, PageID.384. That the ALJ here considered Plaintiff's receipt of unemployment benefits as one of many factors was not error. This objection fails.

### **Objection No. 6**

Plaintiff's sixth objection is that the Magistrate Judge misunderstood Plaintiff's argument regarding his lack of health insurance. ECF No. 17, PageID.401-02. He contends that the gaps in his treatment were caused both by his lack of health insurance *and* because

7

the treatment plans of his treating physician, Dr. Allen, were effective. He appears to argue that it was incorrect for the Magistrate Judge to conclude that these positions were inconsistent and that the Magistrate Judge must have misunderstood Plaintiff's argument.

But the Magistrate Judge did not misunderstand Plaintiff's arguments regarding his health insurance; the Magistrate Judge accurately summarized Plaintiff's conflicting arguments: Plaintiff's lack of treatment was due to, on the one hand, a loss of health insurance, and on the other hand, because his pain was manageable under Dr. Allen's treatment plan. ECF No. 16, PageID.385.

Additionally, the ALJ did not simply rely on gaps in Plaintiff's treatment to conclude that he was not disabled. The ALJ also discussed Plaintiff's x-rays showing that his degenerative disc disease was "only minor/mild" and that Plaintiff was only taking 800 mg of Tylenol a day, had not been referred to a specialist, had not received any injections or received any surgery. ECF No. 9-2, PageID.52. Further, "radiologic imaging of [Plaintiff's] spine only show[ed] mild degenerative disease." *Id.* Therefore, regardless of gaps in treatment, objective evidence showed that Plaintiff's degenerative disc disease was mild. And it was not unreasonable for the ALJ to conclude that if Plaintiff was "having the level of functional complaints as alleged, one would expect at a minimum evaluation for the condition, which claimant has not done since July 2016." *Id. See Strong v. Soc. Sec. Admin.*, 88 Fed.Appx. 841, 846 (6th Cir.

8

2004) ("In the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain."); *see also Brent v. Comm'r of Soc. Sec.*, No. 17-12654, 2018 WL 5118598, at *9 (E.D. Mich. Aug. 21, 2018) (collecting cases). In sum, substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled, even though Plaintiff claims that some of his non-treatment was due to a lack of insurance. This objection also fails.

## IV. Conclusion

Having carefully considered Plaintiff's objections, the Court finds that they do not warrant declining to adopt Magistrate Judge Patti's Report and Recommendation. Consequently, the Court hereby **OVERRULES** Plaintiff's objections (ECF No. 17) and **ACCEPTS** and **ADOPTS** Magistrate Judge Patti's Report and Recommendation of January 23, 2020 (ECF No. 16) as this Court's findings of fact and conclusions of law. It is **FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED: March 23, 2020.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge